IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**SAMUEL EARL WILSON**,

        Plaintiff,

    v.

**SGT. ARCHER, LUT. ROBERTS,
MR. DEACON, MR. FRANKE,
JOHN DOE 1, and JOHN DOE 2**,

        Defendants.

No. 2:12-cv-01082-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Samuel Earl Wilson contends that prison officials were deliberately indifferent to the risk that an interracial riot would break out among his fellow inmates, resulting in personal injury and damage to his personal property. Defendant prison officials moved for summary judgment [38]. Mr. Wilson responded [45].

## BACKGROUND

    Mr. Wilson is an inmate at Oregon's Two Rivers Correctional Institution ("TRCI"). (Capt. Pedro's Decl. Att. 1 [40] at 1.) On July 14, 2010, a fight broke out between African-American and Hispanic inmates in Mr. Wilson's unit. (Compl. [2] at 4.) According to Mr. Wilson, the fight occurred because two inmates who belonged to opposing prison gangs were assigned to the same cell. (Opp. [45] at 3.) He claimed that he "was c[a]ught in the middle" of

1 – OPINION AND ORDER

the fight, and suffered injury as a result. (Compl. [2] at 4.) Soon after the fight, the prison held a disciplinary hearing and adjudicated Mr. Wilson guilty of misconduct. *Id.* at 5. Mr. Wilson asserts a claim under the Eighth Amendment, arguing that Defendants showed deliberate indifference to a substantial risk of harm in allowing the fight to take place. *Id.* at 4. He also asserts two claims of deprivation of due process and equal protection in connection with his disciplinary hearing. *Id.* at 4–6.

Defendants moved for summary judgment [38] on August 28, 2013. At a hearing on the motion, I granted [55] Defendants' motion as to Mr. Wilson's due process and equal protection claims. Regarding the Eighth Amendment claim, counsel for Defendants offered to submit to the court surveillance footage of the fight, enhanced to highlight Mr. Wilson by encircling him in a brightened ellipse. I ordered [55] Defendants to produce the enhanced footage. I also allowed [55] the parties to submit additional argument concerning the video's effect on Mr. Wilson's remaining claim.

The Court received a DVD containing footage recorded by two surveillance cameras on December 4, 2013, or soon thereafter. Both angles show a large common area bounded on two sides by cells in two levels, with two staircases for access to the upper level. A large number of inmates can be seen drifting from the common area toward their cells. The highlighted inmate, who Defendants contend is Mr. Wilson, is one of the last to begin to leave the common area for his cell. As the highlighted inmate nears one of the staircases, two other inmates begin to fight. Less than ten seconds later, the highlighted inmate joins a number of others in running across the common area to join the altercation. From this moment until correctional officers arrive to put down the fight, the highlighted inmate can be seen darting back and forth across the common area, engaging with various groups of grappling inmates. Several other inmates avoid the fight

entirely, either by standing against one of the common area's walls or watching from the second level.  Correctional Captain David Pedro recalls that when he showed the footage to Mr. Wilson, Mr. Wilson acknowledged that he is the highlighted inmate.  (Capt. Pedro [60] at ¶ 5.)  Mr. Wilson submitted no additional argument.

## DISCUSSION

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must view the evidence in the light most favorable to the nonmoving party, drawing in his favor all reasonable inferences from the facts.  *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

The moving party bears the initial burden of informing the court of the basis of its motion and providing evidence that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If that burden is met, the nonmoving party must "present significant probative evidence tending to support its claim or defense."  *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (internal quotation omitted).  The nonmoving party fails to meet its burden if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

As Mr. Wilson seeks damages against state officials for conduct undertaken in the course of the officials' duty, I interpret his claims as resting on 42 U.S.C. § 1983.  A § 1983 claim has two elements: (1) a violation of a federal constitutional or statutory right that was (2) committed under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Defendants do not dispute that they acted under color of state law here.  Instead, they argue that Mr. Wilson has failed to raise a

genuine dispute of material fact as to whether they violated his rights under the Eighth Amendment.

The Eighth Amendment's proscription of cruel and unusual punishment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotation omitted). This duty includes an obligation "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation omitted). Two requirements must be met in order to hold a prison official liable for failure to protect an inmate: (1) "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) the official must have harbored "deliberate indifference to inmate health or safety." *Id.* at 834 (internal quotation omitted).

That a prison official harbored deliberate indifference is not alone sufficient to make out an Eighth Amendment claim. The official's deliberate indifference must be a proximate cause of the inmate's injuries. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If the plaintiff's own actions are the proximate cause of the resulting harm, then the plaintiff has no Eighth Amendment claim. *See Garces v. Degadeo*, No. 06-1038, 2010 WL 796831 at *4 (E.D. Cal. Mar. 5, 2010). For example, prison officials are not liable for any failure to respond to a plaintiff's complaints that a fellow inmate posed a risk of harm when the plaintiff voluntarily fought with the inmate. *Id.*

Mr. Wilson claims that several of the named defendants exhibited deliberate indifference in allowing the inmate fight to break out. (Compl. [2] at 4.) Even if Mr. Wilson is correct, his own actions are a superseding cause of his injuries absolving Defendants of any liability. The surveillance footage makes unmistakably clear that the highlighted inmate voluntarily participated in the fight, despite having an opportunity to stand aside. Mr. Wilson does not

dispute that he is the highlighted inmate.  As in *Garces*, Mr. Wilson's own conduct is a superseding cause of any injuries he suffered.  The surveillance footage leaves no room for any dispute of fact on this point.

## CONCLUSION

Because no genuine dispute of fact exists as to whether Defendants' conduct was a proximate cause of any injuries Mr. Wilson suffered, Defendants' motion for summary judgment [38] is GRANTED.

IT IS SO ORDERED.

DATED this   4th    day of January, 2014.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER